HUCKLE, Plaintiff-Appellant, v. YOUNGSTOWN SHEET AND TUBE COMPANY, Defendant-Appellee.

Ohio Appeals, Seventh District, Mahoning County.

No. 3843.  Decided March 28, 1956.

Traxler & Beil, Youngstown, for plaintiff-appellant.

Manchester, Bennett, Powers & Ullman, Youngstown, for defendant-appellee.

## OPINION

By PHILLIPS, PJ.

Plaintiff appeals to this court on questions of law from a judgment of the court of common pleas entered upon a jury verdict for defendant in plaintiff's appeal to that court from the decision of the Industrial Commission of Ohio denying her application for the right to participate in the Workmen's Compensation Fund of Ohio because of the death of her husband, allegedly as the result of an injury received in the course of his employment as a pipe fitter for defendant corporation.

Prior to November 30, 1950, plaintiff's decedent, a man aged sixty-five years, suffered from mild shortness of breath.  On that date, which was the date he was leaving defendant's employment as a pensioner, he was repairing a trap back of a boiler in defendant's steel plant.  After working about forty-five minutes in gas fumes, allegedly of more than usual volume, he coughed, was pale, suffered from pronounced shortness of breath, was bent over, and had to be assisted to a window for fresh air.

Plaintiff claims, and testimony of two of her medical witnesses reveals, a causal relationship between the inhalation by her decedent of gas in unusual amounts on November 30, 1950, and his death from coronary occlusion of one day's duration and pneumonitis of one week's duration on May 15, 1951.

Defendant contends, and the testimony of two of its medical experts reveals no causal connection between the inhalation of gas fumes by her decedent on November 30, 1950, and his death on May 15, 1951,

One of plaintiff's medical witnesses opined that decedent suffered congestive heart failure as the result of inhaling such fumes, which made him susceptible to a coronary attack because of an added burden on his heart, although the hypothetical question contains no reference to congestive failure and the record contained no evidence thereof.

The other of plaintiff witnesses based his opinion upon the hypothesis that decedent contracted pneumonitis immediately following the inhalation of such fumes on November 30, 1950, from which he suffered continuously until his death on May 15, 1951, notwithstanding the hypothetical question did not assume the presence of pneumonitis until one week before decedent's death, and decedent's death certificate signed by his attending physician stated that decedent suffered from pneumonitis only one week before his death.

The trial judge, allegedly erroneously, admitted in evidence defendant's exhibit No. 2, a statement signed by plaintiff's physician filed with the Industrial Commission, in which question number ten and others were not answered.

After several hours of deliberation the jury inquired of the trial judge in writing:—

"Why No. 10 on Workmen's Compensation claim is not filled in by Dr. Kirkwood?"

Plaintiff argues this question indicates the jury considered and were sufficiently concerned about it to seek further information from the trial judge.

With reference to the claimed error of the trial judge in admitting the exhibit plaintiff argues by brief:—

"The best evidence was the testimony of the physician who partially completed the attending physician's report and counsel for the defendant had every opportunity to examine the doctor in reference to the facts contained in the exhibit. In fact, the record discloses the defense did, during cross-examination of Dr. Kirkwood, interrogate him concerning silicosis, his opinion on causal relationship and the dates of his examination. The only thing appearing on the exhibit was the doctor's findings and dates of examination and it was offered to mislead the jury in showing that at the time the exhibit was executed by Dr. Kirkwood he did not answer question No. 10 as to whether there was a relationship between the cause of death and the industrial injury.

"Further, it is contended by the plaintiff-appellant that the evidence adduced at trial established that the deceased sustained an accidental injury within the meaning of the Workmen's Compensation Law. The verdict of the jury is against the manifest weight of the evidence."

Defendant's exhibit No. 2, to the admittance of which plaintiff objected and now claims was offered solely for the purpose of prejudicing the jury against her, was "Physician's Certificate in Proof of Death" executed, signed, and sworn to by plaintiff's attending physician, and filed by plaintiff with the Industrial Commission, which we believe made the certificate material, competent and relevant.

Further it is observed that counsel for the respective parties stipulated:—

"Mr. Fleming: It is hereby stipulated by and between counsel for the claimant and counsel for the employer that what has been marked for the purpose of identification as employer's exhibit 2 is an original report made to the Industrial Commission of Ohio by Dr. E. E. Kirkwood which is entitled 'Physician's Certificate in Proof of Death,' in connection with the case of Nathan E. Huckle."

The record submitted to us reveals no ground work was lain nor attempt made to lay any ground work to impeach the signature of the signer of the certificate, decedent's attending physician.

Defendant's counsel argues by brief that the exhibit was "offered for the purpose of showing that at the time Dr. Kirkwood signed the form he apparently had no present opinion as to the causal relationship between decedent's death and an alleged injury; and for the further purpose of showing no history of the alleged injury."

We find no error prejudicial to plaintiff committed by the trial judge in the admission of the exhibit in question, and having reviewed carefully the record submitted to us can not conclude, as we are urged by plaintiff to conclude, that the verdict of the jury and judgment of the trial judge entered thereon are against the manifest weight of the evidence or contrary to law.

The judgment of the court of common pleas is affirmed.

NICHOLS and GRIFFITH, JJ, concur in judgment.